**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY WAYNE JONES,  PLAINTIFF
ADC #70147

v.  No. 5:12CV00423 JLH-JTK

DARRYL GOLDEN, et al.  DEFENDANTS

## ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney. Magistrate Judge Kearney has recommended that the Court grant the defendants' motion for summary judgment with respect to the plaintiff's First Amendment monetary claims against them in their individual capacities on the ground that they are qualifiedly immune from liability as to that claim. Magistrate Judge Kearney recommended that the defendants' motion to dismiss, which was converted to a motion for summary judgment, be denied in all other respects. The plaintiff, Larry Wayne Jones, has objected to the recommendation that summary judgment be granted with respect to his freedom of speech claims on the grounds of qualified immunity. No other objections have been filed.

As Magistrate Judge Kearney correctly noted, correctional officers are entitled to qualified immunity unless the evidence, viewed in the light most favorable to the plaintiff, establishes a violation of a constitutional right and that the right was clearly established at the time of the violation, so that a reasonable officer would have known that his actions were unlawful. *Bernini v. City of St. Paul*, 665 F.3d 997, 1002 (8th Cir. 2012). Here, Jones contends that his First Amendment rights were violated when the defendants confiscated publications that he describes as mainstream, historical publications regarding World War II. Those publications are: *The Scourge of the Swastika: A History*

*of Nazi War Crimes During World War II*, *How Hitler Could Have Won World War II: The Fatal Errors that Lead to Nazi Defeat*, *Inside the Nazi War Machine: How Three Generals Unleashed Hitler's Blitzkrieg Upon the World*, and a book catalog from the Edward R. Hamilton Bookseller Company.  These publications were denied by the publication review committee of the unit where Jones is incarcerated because they contained swastikas, which the committee deemed to be gang signs.

In a case regarding the case of censorship of incoming mail in a prison, the Eighth Circuit has explained:

> Regulations involving the review of incoming mail in prisons need only be "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 413-14, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989) (citing *Turner*, 482 U.S. at 89, 107 S. Ct. 2254). A regulation that allows for censorship of incoming items that are likely to incite violence is related to the institutional needs of maintaining a controlled and secure environment among the prison population. *See Ortiz v. Fort Dodge Corr. Facility*, 368 F.3d 1024, 1026-27 (8th Cir. 2004).  A regulation valid and neutral in other respects may be invalid if it is applied to the particular items in such a way that negates the legitimate concerns. *See Thornburgh*, 490 U.S. at 419, 109 S. Ct. 1874. We therefore ask "whether a ban on these particular items is reasonably related to a legitimate penological objective." *Williams v. Brimeyer*, 116 F.3d 351, 354 (8th Cir. 1997). We have previously held that a total ban on publications that espouse white supremacy is overly broad and does not closely conform to the purpose of upholding the security of the prison. *Murphy v. Missouri Dep't of Corr.*, 814 F.2d 1252, 1256 (8th Cir. 1987). Before the prison authorities censor materials, they must review the content of each particular item received. *Williams*, 116 F.3d at 354. We conduct an "independent review of the evidence" to determine if there has been "an exaggerated response to prison concerns" in relation to this particular item. *Williams*, 116 F.3d at 354 (citation omitted).

*Murphy v. Missouri Dep't of Corrections*, 372 F.3d 979, 985-86 (8th Cir. 2004).

Here, the items in question do not appear in the record, so the Court cannot conduct an independent review of them to determine whether there has been an exaggerated response to prison

concerns nor whether a reasonable correctional officer would have known that censoring them would be unlawful. Consequently, the Court cannot conduct the type of review contemplated by the Eighth Circuit in these kinds of cases.

The defendants have the burden of establishing the relevant predicate facts showing that they are entitled to summary judgment on the basis of qualified immunity. *Burton v. St. Louis Bd. of Police Commissioners*, 731 F.3d 784, 791 (8th Cir. 2013). Because the censored items are not in the record, the defendants have not met their burden, so the motion must be denied. Document #34. In all other respects, the Court adopts the partial report and recommendation of Magistrate Judge Kearney. Document #58.

IT IS SO ORDERED this 26th day of November, 2013.

                                                                              J. LEON HOLMES
                                                                              UNITED STATES DISTRICT JUDGE