**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

LARRY WAYNE JONES,                                                                                    PLAINTIFF
ADC #70147

v.                                                      5:12CV00423-JLH-JTK

DARRYL GOLDEN, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 72). Defendants responded to the Motion (Doc. Nos. 77-78), and Plaintiff filed a Reply (Doc. Nos. 82-84).

Plaintiff Larry Wayne Jones is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging First and Fourteenth Amendment violations in connection with Defendants' denial of several publications which contained images of the swastika symbol. (Doc. No. 2.) The Court granted Plaintiff's Motion to Amend his Complaint On April 29, 2013 (Doc. Nos. 32, 33).

In his Amended Complaint, Plaintiff alleges Defendants violated his First and Fourteenth Amendment rights when they denied him access to books which he had ordered: "The Scourge of The Swastika: A History of Nazi War Crimes During World War II"; "How Hitler could Have Won World War II: the Fatal Errors that Led to Nazi Defeat"; "Inside the Nazi War Machine: How Three

2

Generals Unleashed Hitler's Blitzkrieg upon the World"; and a book catalogue from the Edward R. Hamilton Bookseller Company. (Doc. No. 33, pp. 6-11.) These publications were all denied by the Varner Unit Publication Review Committee as containing gang signs/activity, in the form of swastikas. (Id.) Plaintiff alleges that the denial of these publications violated his First Amendment free speech rights, as not reasonably related to legitimate penological objectives, because the books are not gang-related and concern World War II history. (Id., p. 13.) In addition, Plaintiff alleges that Defendants violated the Fourteenth Amendment equal protection clause because other ADC inmates are permitted to receive World War II-related publications and other materials which depict a swastika through the mail. (Id.) Plaintiff also alleges that inmates are permitted to watch World War II-related movies and programs, and to check out similar publications from the Unit libraries. (Id.)

## II.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

### A.     Plaintiff's Motion

Plaintiff asserts he is entitled to summary judgment on the issues of Defendants' liability, stating that no genuine disputes of fact exist that Defendants unlawfully denied him the publications he ordered.  He claims Defendants caused a total ban on his receipt of mail that included the depiction of swastikas, while other inmates were permitted to receive similar publications.  This is evidenced by the response to one of his grievances, which states "no books should be allowed containing STG symbols."  (Doc. No. 71, p. 10.)[1]  He also states ADC officials admitted in their discovery responses that inmates may receive books or catalogues depicting swastikas if the swastika is ancillary to the central premise of the book; therefore, their responses to Plaintiff's publications were exaggerated and in violation of his First Amendment rights. (Doc. No. 71, p. 64.)

### B.     Defendants' Response

Defendants deny the absence of disputed facts, agreeing that the publications Plaintiff ordered were denied based on the depiction of swastikas, but denying they were an exaggerated reaction.  Defendants rely on the publications policy which prohibits publications "describing or depicting...inflammatory attitudes toward any racial, sexual, age, handicapped, or other individuals or groups," and state that Plaintiff's publications fell within that category. (Doc. No. 71, p. 80.) Defendants assert that "The Scourge of the Swastika: A History of Nazi War Crimes During World War II," which contains a swastika on the cover, clearly described inflammatory attitudes and

---

[1]STG refers to "Security Threat Group."  (Doc. No. 77, p. 2.)

actions of the Nazis during World War II and was properly prohibited.  Furthermore, merely because Defendants admit they denied the publications to Plaintiff does not mean that Plaintiff has proved liability.  Instead, issues of fact exist as to whether he was entitled to receive the publications, despite the policy, and if so, whether Defendants should have known that the books were not covered by the policy.

### C.   Plaintiff's Reply

Plaintiff claims Defendants provide no evidence to support their claims that material disputes of fact exist concerning the denial of his publications.  In addition, he concludes that "All ADC inmates are permitted to receive books and catalogs about World War II that contain depictions of the swastika through the mail," based on Defendant Harris' discovery responses that the ADC does not totally ban World war II history books depicting the swastika, especially if the swastika is not the central theme of the book.  (Doc. No. 72, pp. 71-72.)  Finally, Plaintiff states the prohibitions are not reasonably related to the legitimate penological interests of the prison system.

### D.   Analysis

Initially, the Court notes that Defendants responded to Plaintiff's Motion and Statement of Material Facts by filing their own Statement of Facts in dispute. (Doc. No. 77.)   The central issue in this case is whether Defendants violated Plaintiff's First Amendment rights when they denied the publications he ordered, based on the policy which permits the rejection of publications if "found to be detrimental to the security, discipline or good order of the institution or if they propose, condone or provide information likely to facilitate criminal activity."   Administrative Directives (AD) 09-44, 12-03 (Doc. No. 71, pp. 79, 82).  While Plaintiff relies on Defendants' admissions that there is no total ban on publications depicting swastikas, as evidence that they improperly banned

his publications, Defendants state that such is merely evidence that they must evaluate publications on an individual basis to determine whether the swastika is the central theme of the book. (Id., p. 72.)  Clearly the parties disagree over whether Defendants lawfully prohibited the publications at issue, and therefore, summary judgment is improper.

Furthermore, while Plaintiff maintains that other inmates were permitted to receive similar publications, and that Defendants have implemented a "total ban" on such publications as they apply to him, Defendants deny the "total ban" concept in the discovery responses.  And, Plaintiff provides no evidence to show that Defendants purposefully allowed a similarly-situated inmate to receive the same type of item.

Therefore, in light of the clear disputes of material facts, the Court finds that summary judgment on the issue of Defendants' liability is improper at this point.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Motion for Partial Summary Judgment (Doc. No. 72) be DENIED.

IT IS SO RECOMMENDED this 11th day of August, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE